UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

```
* * * * * * * * * * * * * * * * * * * * * * * *
SETH D. HARRIS,                              *
 Acting Secretary of Labor,¹                 *
 United States Department of Labor,          *
                                             *
                 Plaintiff,                  *
                                             *     CIVIL ACTION NO. 2:12-cv-00268
            v.                               *
                                             *
TAMMY L. COOK, D.M.D.,                       *
d/b/a BATH FAMILY DENTAL                     *
                                             *
                                             *
                 Defendant.                  *
* * * * * * * * * * * * * * * * * * * * * * * *
```

## CONSENT JUDGMENT AND ORDER

This case concerns an action filed in this Court by Plaintiff, the Secretary of Labor, pursuant to the provisions of Section 11(c) of the Occupational Safety and Health Act of 1970, 29 U.S.C. §§ 651 *et seq.* ("the Act"). The parties have agreed to resolve all matters in controversy in this action and consent to entry of a Judgment and Order by this Court in accordance herewith.

    A.    The Plaintiff's Complaint alleges that the Defendant intentionally and unlawfully discharged Dorothy Shafran from employment and intentionally and unlawfully constructively discharged Chelsea Huntington from employment because of their exercise of rights secured by the Act, and that Defendant thereby engaged in conduct that violated § 11(c)(1) of the Act.

    B.    Defendant admits to the jurisdiction of this Court over her and over the subject matter of this action. Defendant admits that this Court has the authority to enter and enforce this

---

[1] By operation of law, due to the resignation of Secretary of Labor Hilda Solis, Acting Secretary of Labor Seth D. Harris is hereby substituted as Plaintiff.

Order and that this Court is the most appropriate venue for any enforcement action which may be required as a result of this Order.

  C. This Order represents a complete resolution of all the Secretary's claims asserted in this action. The Plaintiff and Defendant expressly waive findings of fact and conclusions of law, except as otherwise set forth herein, and consent to the entry of this Consent Judgment and Order ("Consent Judgment") as a full and complete resolution of all claims which were made, or could have been made, by either party against the other, arising out of or in connection with the facts alleged in the Complaint, without trial or adjudication of any issues of fact or law raised in the Complaint.

  D. In light of the resolution of this matter as set forth herein, the Defendant neither admits nor denies the allegations of the Complaint, other than as to jurisdiction and venue.

  Accordingly, it is ORDERED, ADJUDGED AND DECREED that:

  1. The Court has jurisdiction over the parties to this Consent Judgment and the subject matter of this action and is empowered to provide the relief herein.

  2. Defendant and her agents, servants, employees and all persons in active concert or participation with them, are hereby permanently enjoined and restrained from violating the provisions of § 11(c)(1) of the Act by discriminating against, interfering with, restraining, or coercing any employee because such employee has filed any complaint or has instituted or caused to be instituted any proceeding under the jurisdiction of the Occupational Safety and Health Administration, or has testified or is about to testify in any such proceedings or because of the exercise by such employee on behalf of herself or others of any rights afforded by the Act.

  3. Defendant shall restore monies to Dorothy Shafran and Chelsea Huntington (collectively, "Complainants") as follows:

      a.      Defendant shall pay Complainants a total of $72,000.00 in back wages plus post-judgment interest at an annual rate of 0.4%, compounded daily and assessed beginning January 1, 2013, on any unpaid portion of said $72,000.00 (collectively, the "Judgment Amount").  Defendant shall pay the Judgment Amount no less frequently than in monthly installment payments of no less than $1,000.00 per month due on the first of each month, with the first payment due no later than July 1, 2013 (collectively, the "Installment Plan").  Defendant shall pay Dorothy Shafran $38,000.00 of said $72,000.00, which shall be processed as payroll subject to federal and state withholdings and deductions, plus said post-judgment interest.  Defendant shall pay Chelsea Huntington $34,000.00 of said $72,000.000, which shall be processed as payroll subject to federal and state withholdings and deductions, plus said post-judgment interest.  A sample payment schedule consistent with said Installment Plan is attached hereto as Exhibit A.

      b.      Defendant shall issue checks made payable to Complainants pursuant to the Installment Plan .  Along with each check, Defendant shall issue Complainants a breakdown of payroll deductions and withholdings.  Defendant shall forward said checks and breakdowns on or before the dates payments are due pursuant to the Installment Plan to the Occupational Safety and Health Administration ("OSHA"), Whistleblower Protection Program, U.S. Department of Labor, William R. Cotter Federal Building, 135 High Street, Suite 361, Hartford, Connecticut  06103, Attention:  Regional Supervisory Investigator.  Defendant shall also issue Complainants W-2s in accordance with applicable federal tax laws for any year in which Defendant makes a payment under the Installment Plan, and shall similarly forward said W-2s to OSHA at the above address.

    c. Should Defendant fail to make a payment in accordance with the Installment Plan, Plaintiff will notify Defendant of Defendant's failure to make the payment.  If Defendant does not cure said failure by submitting the scheduled payment within five (5) days of receiving said notice, the entire outstanding balance of the Judgment Amount shall become immediately due and owing, and post-judgment interest as set forth above will continue to accrue on any outstanding balance until such time as the Judgment Amount is paid in full.

    d. Defendant shall notify OSHA, at the address above, within seven (7) days of any change of her name, residence, telephone number, mailing address or employment until the Judgment Amount is paid in full.

  4. Within five (5) days of Defendant's signing of this Consent Judgment, Defendant shall withdraw her appeal in the unemployment proceeding involving Dorothy Shafran, including appeal of the State of Maine Unemployment Insurance Commission decision, Docket No. 12-C-00242.

  5. Within five (5) days of Defendant's signing of this Consent Judgment, Defendant shall send a letter to the State of Maine Board of Dental Examiners concerning the matter involving Dorothy Shafran, Complaint No. 12-15.  Said letter shall indicate that, having brought the matter to the Board's attention, Defendant (a) recognizes the matter now rests with the Board; (b) would prefer not to be further involved; and (c) does not plan to attend further Board proceedings, absent legal process or unless necessary to respond in the event Dorothy Shafran makes any defamatory statements to the Board concerning Defendant.

6. Defendant agrees to immediately post OSHA <u>Job Safety and Health: It's the Law</u>, attached hereto as Exhibit B, in a conspicuous place at her work premises where it is easily seen and readable, and will maintain this posting as required by 29 C.F.R. § 1903.2.

7. Defendant shall distribute OSHA <u>Fact Sheet: Your Rights as a Whistleblower</u>, attached hereto as Exhibit C, to all current employees and to all new employees hired within two (2) years following entry of this Consent Judgment by the Court.

8. Defendant, her agents, employees and representatives agree to immediately remove and expunge from Complainants' employment records all references to this action and to any disciplinary actions, including the termination notice Dorothy Shafran received and the disciplinary warnings Complainants received from October 4, 2011 through October 18, 2011, as described in the Complaint in this matter.

9. If in the future any prospective employer requests a job reference for either Complainant, Defendant, her agents, employees, or representatives shall provide a written, neutral confirmation of employment, including the beginning and ending dates of Complainants' employment, job titles and rates of pay.  Defendant agrees that nothing will be said or conveyed to any third party that could be reasonably construed as damaging the name, character, or employment of Complainants.

10. Each party shall bear its own costs and expenses, including attorneys' fees, arising in connection with any stage of this proceeding.

Consented to by:

For the Plaintiff, Seth D. Harris, Acting Secretary of Labor:

M. Patricia Smith
Solicitor of Labor

Michael D. Felsen
Regional Solicitor

/s/ Nathan P. Goldstein                                February 4, 2013
Nathan P. Goldstein                                    Dated
Trial Attorney

U.S. Department of Labor
Office of the Solicitor
J.F.K. Federal Building
Room E-375
Boston, MA 02203
TEL: (617) 565-2500
FAX: (617) 565-2142

For Defendant Tammy L. Cook, D.M.D.
d/b/a Bath Family Dental.

/s/Robert W. Kline                                     February 4, 2013
Robert W. Kline                                        Dated
Attorney for the Defendant

Kline Law Offices
120 Exchange Street, 2nd Fl.
P.O. Box 7859
Portland, ME 04112

So ORDERED

Dated: February 4, 2013

                                                 /s/ George Z. Singal
                                                 George Z. Singal
                                                 U.S. District Judge